UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SOHAIB BIN LATEEF, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 4:04CR21 HEA |
| v. ) | |
| ) | |
| ERIC H. HOLDER, JR., ) | |
| U.S. ATTORNEY GENERAL, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition for Writ of Coram Nobis, [Doc. No. 46]. Respondent opposes the Petition. For the reasons set forth below, the Petition is denied.

### Procedural and Factual Background

On January 14, 2004, a Grand Jury handed down an Indictment charging Defendant, *inter alia,* with misuse of a Social Security number by using a falsely obtained Social Security number to procure a Missouri non-driver's license. On May 21, 2004, Petitioner pled guilty and was convicted for violating 42 U.S.C. § 408(a)(7)(a). Petitioner was sentenced to time served and was placed on supervised release for a term of two years.

The factual basis underlying Petitioner's guilty plea is not disputed and is set

forth in the Stipulation of Facts entered into between Petitioner and the United States of America:

On September 21, 1980, Defendant Sohaib Bin Lateef (hereinafter "Lateef") entered the United States on a F-1 Student Visa. On September 26, 1980, Lateef applied for a Social Security number (SSN) at the Alton, Illinois office and was issued SSN XXX-XX-5678. After Lateef's student visa expired on September 30, 1984, INS ordered Lateef on March 3, 1987, to show cause why he overstayed his student visa. The INS administratively closed the case after Lateef failed to appear.

On November 11, 1988, Lateef, under the name "Syed Lateef Sohaib," applied for and was granted immigration status under the Seasonal Agriculture Workers (SAW) program. On January 18, 1989, Petitioner, under the name Sohaib, applied for a SSN at the East Saint Louis, Illinois SSA office and was issued SSN XXX-XX-0807.

On November 21, 1995, Petitioner obtained a Missouri driver's license utilizing the name Sohaib, the SSN XXX-XX-0807, and the address of 2 Tinder Box Court, O'Fallon, Missouri 63366. On April 10, 1997, Petitioner obtained another Missouri driver's license, this time using the name Lateef, the SSN XXX-XX-6758 (numbers transposed), and the address of 2 Tinderbox Court, O'Fallon, MO 63366. Petitioner renewed this license on May 2, 2000 and June 24, 2003,

using the SSN XXX-XX-5678 (correcting the transposed numbers). On February 26, 2003, Petitioner obtained a Missouri non-driver's license using the name Sohaib, the SSN XXX-XX-0807, and the address of 2580 St. Peters Howell Rd., St. Peters, Missouri 63376. This was the underlying action that comprised the count of conviction.

## Discussion

Petitioner argues that a writ of coram nobis should be granted because there was a fundamental error in fact that would provide cause to set aside the judgment. Petitioner claims that the statutory exemption of 42 U.S.C. § 408(e)(1)(A) makes his crime under 42 U.S.C. § 408(a)(7)(a) exempt.

The exemption provides, "an alien - whose status is adjusted to that of lawful temporary resident under 1160...of Title 8...shall not be subject to prosecution for any alleged conduct described in paragraph (6) or (7) of subsection (a) of this section if such conduct is alleged to have occurred prior to 60 days after November 5, 1990." 42 U.S.C. § 408(e)(1)(A) (2009).

## Discussion

The fatal flaw of Petitioner's argument is that the conduct for which Petitioner was convicted occurred *after* the relevant time provision. Petitioner was convicted of violating 42 U.S.C. § 408(a)(7)(a), which provides: "Whoever. . . for the purpose

of obtaining (for himself or any other person) any payment or any other benefit to which he (or such other person) is not entitled. . .willfully, knowingly, and with intent to deceive, uses a social security number. . . on the basis of false information furnished to the Commissioner of Social Security by him or by any other person. . . shall be guilty of a felony. . ." As Respondent correctly argues, the statute criminalizes the use of a fraudulently obtained Social Security number to acquire a benefit to which Petitioner was not entitled. Petitioner's crime was the use of the fraudulently secured Social Security number to obtain benefit of the Missouri non-driver's license on February 26, 2003, which was well beyond the date of the statutory exemption. Thus, the exemption cannot apply.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Coram Nobis, [Doc. No. 46], is **DENIED**.

Dated this 10th day of June, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE